Michael Machat, Esq.
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, California 90069
Telephone:  (310) 860-1833
Telefax:  (310) 860-1837
Email:  info@machatlaw.com

Attorneys for Plaintiff
JohannSongs – Publishing, Ltd

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DISTRICT

| | |
|---|---|
| JOHANNSONGS - PUBLISHING, LTD, <br><br> Plaintiff, <br><br> vs. <br><br> ROLF LØVLAND , BRENDAN GRAHAM, PEERMUSIC, LTD, UNIVERSAL MUSIC PUBLISHING GROUP, WARNER MUSIC GROUP, UMG RECORDINGS, INC., APPLE, INC., SPOTIFY TECHNOLOGY S.A. and DOES 1 – 20, <br><br> Defendants. | CASE NO. 2:18−cv−10009−AB−SS <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date:  December 6, 2019 <br> Time:          10:00 A.M. <br> Courtroom:     7B <br><br> Hon Andre Birotte Jr. |

*TABLE OF CONTENTS*                                   **PAGE**

I.  PRELIMINARY STATEMENT                                1

II. SUMMARY OF THE FACTS                                 3

    A.  The Creation of "Soknudur" and the melodic          3
        backbone to
        "You Raise Me Up."

    B.  Access to "Soknudur"                              4

    C.  "You Raise Me Up" is released and heard by        5
        Johann Helgason

    D.  The Invention of the "Danny Boy" Defense.         6

III. LEGAL STANDARD                                      7

    A.  STANDARD OF REVIEW FOR SUMMARY                    7
        JUDGMENT

    B.  Copyright Infringement: Inquiry on Motion for     8
        Summary   Judgment

IV.  ARGUMENT                                            10

    A.  The songs "Soknudur" and "You Raise Me Up"        10
        are substantially similar

    B.  Lawrence Ferrara's expert report  is  fundamentally   12
        flawed **and not credible.**

    C.  Prior  art:   the Ferrara report contradicts  its own   17

i

findings by employing inconsistent comparison criteria, with conflicting conclusions and misleading results.

D.    Prior art:   the Ferrara report contradicts its own          18
findings by employing inconsistent comparison criteria, with conflicting conclusions and misleading results.

V. CONCLUSION                                                        21

*TABLE OF AUTHORITIES*

*Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1472 (9th Cir. 1992) — 8,9

*City of Pomona v. SQM N Am. Corp.,* 750 F.3d 1036, 1049 (9th Cir. 2014) — 7

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). — 8

*Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). — 7

*Rentmeester v. Nike, 883 F. 3d 111 at 1117 (9ᵗʰ Cir. 2018)* — 4

*Rice v. Fox Broadcasting Co., 330 f. 3d 1170, 1178 (9ᵗʰ Cir. 2003)* — 4

*Smith v. Jackson*, 84 F.3d 1213, 1218 (9ᵗʰ Cir. 1996). — 8

*Swirsky v. Carey*, 376 F.3d 841, 845 (9ᵗʰ Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004). — 8, 9

*Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738          7
(9th Cir. 1979).

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809          7
F.2d 626, 630- 31 (9th Cir. 1987).

**Statutes and Other Authorities**

Fed. R. Civ. P. 56a          7

Fed. R. Civ. P. 56e          7

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

## I.    PRELIMINARY STATEMENT

This case is a standard music copyright infringement case in which the legal issues are not in dispute.   The dispute concerns the most famous song and best selling song in Iceland, ever, "Soknudur" which was first performed and released by Iceland's beloved artist Vilhjálmur Vilhjálmsson in June of 1977.   The song was played, and still is played and performed in Iceland, frequently.   The Norwegian defendant Rolf Lovland had access to the song in his native Norway, and in Iceland where he came to record two albums in the mid 1990s.  He also had access to the song at the Eurovision Song Contest in Zagreb, in 1990.   Rolf Lovland first released the derivative song "You Raise Me Up" in 2001 with his band Secret Garden.   A couple of years later, Josh Groban recorded his version of "You Raise Me Up" and had an international smash hit.   Both songs still get constant airplay, although "Soknudur"  primarily is played in Iceland and "You Raise Me Up" is played throughout the world.

To prove copyright infringement for a song, first a plaintiff has to have a valid copyright, and the plaintiff must prove a substantial similarity.  The greater the access to a song, the lower the showing of substantial similarity is required.

Defendants have brought a motion for summary judgment at this early juncture of the case based upon their over zealous expert's report that has taken a position so much to the extreme that it damages his credibility as to all that he says.  One of the defenses to copyright infringement is prior use.   Rather than accede to the obvious, that there is similarity, he takes the extreme position that there is not any similarity, and only three notes are the same.   To reach that conclusion he ignores basic principals of comparing songs, concentrating on distinctions that make no difference while ignoring the underlying melodies of the two songs in dispute.

Then when he discusses the prior art  argument,  he   flips  and  adopts

1

extremely loose criteria that is inconsistent with the criteria he used in arguing the songs are not similar.

Plaintiff engaged musicologist Judith Finell to prepare her own report.   Her initial report in which she finds "Soknudur" and "You Raise Me Up" to be substantially similar was of course expected.   The Icelandic Performing Rights Society, STEF had also engaged two musicologists who likewise determined extensive similarity.   When threatened with legal action in the past in Europe, defendants presented the Danny Boy defense, arguing that any similarities in the two songs also existed in Danny Boy.   Owing to a lack of funding, an action in Europe was not previously brought.   But during the intervening years, no one has ever seriously said the songs are not similar.   Instead the only dispute revolved around Danny Boy.

Judith Finell has opined that there are more similarities between "Soknudur" and "You Raise Me Up" than there are with any of them and Danny Boy.   She had the same opinion with respect to the other prior art songs brought up by defendants. Plaintiff has a bona-fide copyright infringement case ready to go to a jury.   There is no reasonable dispute as to substantial similarity, and any dispute with regards to Danny Boy defense should be brought before a jury.   Defendants' expert sacrificed his credibility by arguing a lack of similarity between the songs and in employing a flawed methodology.   Meanwhile, Judith Finell acknowledges similarities in the prior art but states "You Raise Me Up" is closer to "Soknudur" then either of them are to Danny Boy or any other prior art.   Plaintiff's expert's reports are credible. Defendant's expert report is too far fetched to be believed.    Thus Defendants' motion should be denied.

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

2

## II.    SUMMARY OF THE FACTS

### A. The Creation of "Soknudur" and the melodic backbone to "You Raise Me Up."

In July of 1976, Vilhjalmur Vilhjalmsson, one of Iceland's most beloved singers at the time before dying in a tragic car accident, began an album project that took place at Studio Hljooriti.   The album that resulted was entitled *Hana nu*. One of the songs recorded in those demo session was Soknudur[1].   The words were written by Vilhjalmur Vilhjalmsson and the music was composed by Johann Helgason. (Declaration of Johann Helgason ¶3  The demos were recorded in July 1976, and the actual recordings began on December 7, 1976.  The album was released in 1977.   In September of 2018, Johann Helgason transferred his rights in "Soknudur" to Plainitff, Johannsongs-Publishing, LTD, a company owned by him. A copyright registration for "Soknudur" was granted in August of 2019. The application was filed prior to filing suit.  (Machat Decl  ¶2 and Ex.1)

"Soknudur" became a big hit, and after the tragic death of Vilhjalmur Vilhjalmsson, it was rerecorded numerous times by various singers and it was also rerecorded with vocals.   In fact there are 47 versions of Sokndur that have been published  (Helgason Decl ¶9 and Ex.2) including one in Denmark.  It has been distributed in Scandinavian countries. It would be fair to say it has not had an extremely high profile outside of Iceland but it has made its way into the consciousness of those other Scandinavian countries. It is often played at funerals, memorial services and the like. It is an "evergreen" song in Iceland as it remains extremely well-known and frequently played some 40 years after it was first released (Helgason Decl ¶¶ 9-12 and Exhibits 8, 9 and 10)

---

[1] The Icelandic spelling of Soknudur  3 is  Söknuður

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste.250
West Hollywood, CA 90069
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

## B.    Access to "Soknudur"

Although defendants have chosen to ignore and concede access in its motion for summary judgment, it still remains relevant to the Court's analysis of the case because as stated in the case law of copyright infringement, proof of direct copying is rare.  So instead, in addition to proving two works are substantially similar a copyright plaintiff has to prove access as well.

*When a high degree of access is show, a lower amount of similarity is needed to prove copying.  Rice v. Fox Broadcasting Co., 330 f. 3d 1170, 1178 (9th Cir. 2003) (citations omitted).  "To prove copying, the similarities between the two works need not be extensive, and they need not involve protected elements of the plaintiff's work.  They just need to be similarities one would not expect to arise if the two works had been created independently."  Rentmeester v. Nike, 883 F. 3d 111 at 1117 (9th Cir. 2018)*

In this case, Rolf  Lovland recorded two albums in Reykavik, Iceland at Studio Syrland.  Preproduction began in January 1995.  We know this based upon statements by the recording engineer who worked on the albums with Rolf Lovland and based upon excerpt from Mr. Lovland's book.

We also know that Soknudur was already an evergreen classic hit at the time Rolf Lovland recorded his albums in Iceland.  We know it was an evergreen classic hit, and still is, based upon the declaration of Steinar Berg Isleifsson, owner of the Iceland's largests record, the declaration of Andrea Jonsdottir, from the key[2] radio station Icelandic National State Radio.   We also know that when Lovland flew over to Reykjavic, he would have flown on Icelandair, the major and dominant

---

[2] Unlike the US where in each major market there are too many radio stations to count, in Iceland and in most of Europe at the time, the amount of radio stations in each market or country was small enough to count on one hand.

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

national airline.  If you flew to Iceland in the 1990s, you would have traveled via Icelandair, and on Icelandair, an instrumental version of Soknudur was played on Icelandair's boarding music and deplaning music.    The music was played 15 minutes prior to boarding and 15 minutes after the plane landed, and Soknudur being an evergreen was on the play list the entire time.

Soknudur was also played in Norway, the country where Rolf Lovland lived and still lives.  We know this from the Statement of Mr. Hjalti Arnason who ran a radio station in Oslo, Norway.  (Attached to Helgason Decl as Exhibit 10.)

### C. "You Raise Me Up" is released and heard by Johann Helgason

Before Josh Groban released You Raise Me Up and had a massive worldwide hit, Rolf Lovland released his band Secret Garden's version of it in 2001 or 2002. Johann Helgason first heard You Raise Me UP in or about March 2004. He wrote to STEF – the Icelandic Performing Rights Society on 23 March 2004.    He asked them to assess whether or not there had been a breach of copyright. STEF conducted an analysis comparing "Soknudur" (the original version song by Vilhjalmur Vilhjalmsson) to the Josh Groban version of "You Raise Me Up" released in 2003.  A copy of the analysis is attached to the Helgason Decl ¶ 19and Ex. 6) along with the English translation.  STEF arranged for two musicologists to prepare a *"Comparative Assessment dated 3 May 2004"*  They noted "You Raise Me Up" strikingly resembled Soknudur, stating that 97% of You Raise Me Up's melodic material is related to Soknudur."

STEF then wrote to TONO, the Norwegian Performing Rights Society of which Rolf Lovland is a member.  TONO did its own analysis and invented the "Danny Boy[3]" defense.

---

[3] "Danny Boy" is basically "Londonderry Air," an instrumental song,  put to words.   The experts agree upon this, and in this brief, sometimes the two songs are used interchangeably.

5

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

**D. The Invention of the "Danny Boy" Defense**

The Danny Boy defense states that whatever similarities exist between "Soknudur" and "You Raise Me Up" also exist in "Danny Boy" and therefore there is no infringement.  However, the "Danny Boy" defense ignores that there is far more in common between "Soknudur" and "You Raise Me Up" then in either of the songs in dispute alone and "Danny Boy."  Put differently, "You Raise Me Up" sounds more like "Soknudur" than it does like "Danny Boy."

Learning that TONO and Lovland would not voluntarily relinquish any claim to the song "You Raise Me Up," Johann Helgason arranged to file a suit in the United Kingdom.  However, for various reasons, primarily financing, Mr. Helgason was unable to actually file a lawsuit.  Still Mr. Helgason was not deterred, and the fight carried on in the press, but not in court.

Then many years later, in 2018, Mr. Helgason met his current counsel through an Icelandic friend of an Icelandic friend who had done business with Mr. Machat.   At long last justice would be sought, this time in the US as opposed to England, and  STEF, the Icelandic Performing Rights Society agreed to front the costs.

Mr. Helgason, transferred the song rights to plaintiff and a suit was commenced.   Defendants answered and hired a musicologist, Lawrence Ferrara, who likewise brought up the Danny Boy defense.   Plaintiff in turn hired a US based musicologist, Judith Finell, who sharply criticized the expert report prepared by defendants' expert and rendered her own opinion, finding that the songs are substantially similar.  She, also like musicologists employed by STEF found that none of the prior art referenced in the Ferrara report is more similar to "Soknudur" and "You Raise Me Up" as the songs at  issue are to each other.  (Finell Report ¶

6

23)   Dr. Finell states, "the existence of "Londonderry Air" by no means determines that"You Raise Me Up" was created independently. (Finell Report ¶ 23d)   Judith Finell also opines, *"Lawrence Ferrara uses rigidly narrow criteria in comparing "Soknudur" with "Raise," yet adopts vastly more flexible criteria in comparing prior art to the two works at issue.  This contradiction misleads the reader and results in false and unreliable conclusions."* (Finell Report ¶ 17)

Thus a material factual dispute exists which requires that defendants' motion for summary judgment be denied.

## III.   LEGAL STANDARD

### A.   STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of establishing the absence of a genuine dispute of material fact." *City of Pomona v. SQM N Am. Corp.,* 750 F.3d 1036, 1049 (9th Cir. 2014) All inferences drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). Only admissible evidence may be considered in connection with a motion for summary judgment. Fed.R. Civ. P. 56(e). However, in considering such a motion, a court is not to make any credibility determinations or weigh conflicting evidence. All inferences are to be drawn in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630- 31 (9th Cir. 1987). Conclusory, speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill*

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste.250
West Hollywood, CA 90069
Telephone: (310) 860-1833

7

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

*Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## B. Copyright Infringement: Inquiry on Motion for Summary Judgment

To establish copyright infringement, two matters must be established: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). "Because direct evidence of copying is not available in most cases, [a] plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar' in idea and in expression of the idea." *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). Defendants do not dispute Rolf Lovland had access to the relevant works. Further, for purposes of this Motion, they do not contest Plaintiff's ownership of valid copyrights in "Soknudur[4]" Therefore, at issue is substantial similarity.

A motion for summary judgment in a copyright infringement suit necessarily fails when there is "a genuine issue regarding whether the ideas and expressive elements of the works are substantially similar." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992). "A 'genuine issue' exists when the plaintiff provides indicia of 'a sufficient disagreement' concerning the substantial similarity of two works 'to require submission to a jury.'" *Id.* (citations omitted). In determining whether two works are substantially similar, the Ninth Circuit employs a two-part analysis: "an objective extrinsic test and a subjective intrinsic test. For the purposes of summary judgment, only the extrinsic test is important because the subjective question whether works are intrinsically similar must be left to the jury." *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004).

---

[4] A copyright registration for the work recently issued.  (Machat Decl Ex. 1)

In general, in applying the extrinsic test, a court considers expert testimony in order to perform what is called "analytical dissection" of a work. "'Analytical dissection' requires breaking the works 'down into their constituent elements, and comparing those elements for proof of copying as measured by substantial similarity.' Because the requirement is one of substantial similarity to protected elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Swirsky*, 376 F.3d at 845 (citations omitted). "To the extent a plaintiff's work is unprotected or unprotectable under copyright, the scope of the copyright must be limited" prior to conducting this analysis. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1476 (9th Cir. 1992) (quotation marks omitted). However, "[a]lthough copyright protection is not afforded to certain elements of a work, such *limitations must not obscure the general proposition that copyright may inhere, under appropriate circumstances, in the selection and arrangement of unprotected components.*" *Id.* at 1476 n.4 (quotation marks omitted).

## IV.    ARGUMENT

### A. THE SONGS "SOKNUDUR" AND "YOU RAISE ME UP" ARE SUBSTANTIALLY SIMILAR

To rebut defendants' motion for summary judgment and to prove substantial similarity, Plaintiff engaged the services of musicologist Judith Finell.   Recently, Ms. Finell was honored to be the 2018 commencement speaker at UCLA's   Herb Albert School of Music. She was also interviewed by NBC/Universal for a 2018 documentary entitled "The Universality of Music," in which she discussed the ways in which she sees music as being an international language that can bridge cultural barriers that spoken language does not.

Judith  Finell  was  the  testifying  expert for the Marvin Gaye family in the

9

milestone "Blurred Lines" case in Federal Court. She has testified in many other notable copyright infringement trials over the past 20 years.  Ms. Finell has been invited to teach the first course in the country on forensic musicology at UCLA this year.   She holds an M.A. degree in musicology from the University of California at Berkeley and a B.A. from UCLA in piano performance. She has written numerous articles and a book in the area of contemporary music and copyright infringement and has appeared in trials on Court TV and before the American Intellectual Property Law Association. She is a trustee of the Copyright Society of the U.S.A., and has appeared as a guest lecturer at the law schools of Harvard University, UCLA, Stanford, Columbia, Vanderbilt, George Washington, NYU, and Fordham. A copy of her resume is attached to the Machat Decl. Ex. 7.

Ms. Finell prepared two reports for Plaintiff.  In her first report, commissioned prior to defendants filing of its motion for summary judgment, she concludes decisively that the two songs at issue are substantially similar.   After defendants filed their motion for summary judgment, Ms. Finell was asked to review defendants' musicologist report.    Ms. Finell then submitted a rebuttal report.   Both reports are attached to the Machat Decl as Exhibits 3 – 6.

Also, as part of Ms. Finell's first report, she submitted two powerpoint exhibits that feature links where once clicked play music to demonstrate the points she makes in her report.   These powerpoint files are being submitted to the Court separately in a CD.[5]

Ms. Finell compared the first release of Soknudur, the 1977 release song by Vilhjalmur Vilhjalmsson with the first release of You Raise Me Up by Secret Garden.  Defendants' expert Mr. Ferrara states in his report that the Secret Garden version of "You Raise Me Up" is essentially the same as the Josh Groban version.

---

[5] The exhibits will also be uploaded onto Pacer as pdfs but turning the pptx files into pdfs will flatten the file and the music will not be able to be heard.

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

(Ferrara Report ¶ 9).

Ms. Finell summarizes her findings as follows:

"Söknuður" ("Soknudur") and "You Raise Me Up" ("Raise") are substantially similar in their melodic pitches due to the shared use of the same underlying skeletal pitches. The two components of melody are pitch plus rhythm (duration of pitches), so when two melodies contain a lengthy sequence of their primary and some secondary pitches, they normally sound alike. In the case of "Soknudur" and "Raise," these similar pitches occupy an unusually long series of consecutive measures and phrases, as shown in the attached Musical Exhibit A.

Footnote 1 of her report explains,

"The term 'skeletal pitch' is used in this report to describe a series of pitches that serve as the 'core' of the underlying melody, namely the melodic 'backbone' of the song.  In this case, each song has a very similar skeletal pitch series, meaning they share a significant number of the same consecutive melodic pitches, forming the melodic identify of both "Soknudur" and "Raise."

Ms. Finell also opines,

"In addition to the similar series of phrases, both works share a structure in the way that they progress in a series of musical "events," as illustrated in Exhibit B attached.   It is this combination of the sequential use of many of the same pitches and musical "events" that result in the two works being substantially similar, despite some differences in musical details and secondary traits.

6. There are substantial similarities between these works in their melodic and other musical features, particularly of the underlying melodic theme, which is referred to as            "Skeletal Pitches" in the below

11

report.

    a. Exhibit A demonstrates how the underlying melodic theme (skeletal pitches) is found in both "Soknudur" and "Raise."

    b. Exhibit B demonstrates that both "Soknudur" and "Raise" share the same underlying structure and fundamental musical "events" for nearly half of each song.

    7.    32 of the 78 total bars in "Soknudur" (in the recording provided) are also found in substantially similar material in "Raise."

    8. Importantly, in both "Soknudur" and "Raise," the verse contains the main musical content, and this verse shares the same skeletal pitch series. (Please see Exhibits A and B.)

The copyright registration attached to the Machat Decl satisfies the first requirement to prove a copyright claim.   Defendants do not contest access, the first part of the second requirement to prove a copyright claim.   Judith Finell's expert report satisfies the substantial similarity requirement to establish copyright infringement. (Ms. Finell's expert report also corroborates the report from STEF, the Icelandic Performing Rights Society prepared by two musicologists.) Therefore, Plaintiff have established a bona-fide case of copyright infringement.

As a defense to copyright infringement, defendants raise the Danny Boy defense while also claiming a lack of substantial similarity.   However, not only is their claim of prior art not applicable in this case, their expert's  manner of attacking the obvious similarity of the two songs in dispute must lead one to ponder the credibility of defendant's expert witness Lawrence Ferrara.

**B.**    **Lawrence Ferrara's expert report is fundamentally flawed and not credible.**

12

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

Despite his lofty credentials, Lawrence Ferrara's report is so faulty and self-contradictory, it leads to erroneous conclusions. (Finell Rebuttal Report ¶6) His report fails to even acknowledge the similarities that exist between the two songs at issue and uses inconsistent comparison criteria that obscures the reality that Soknudur and You Raise Me Up are more similar to each other than any prior art. (Finell Rebuttal Report ¶6)

As Judith Finell notes,

"The Ferrara report employs the narrowest possible criteria in comparing these melodies – insisting upon combined identical pitch, metric placement, and rhythmic duration in each note. (Finell Rebuttal Report 10a.) Ms. Finell uses a jazz version of "Happy Birthday" to make her point, explaining that a jazz arrangement of "Happy Birthday" would normally retain the primary pitches, lyrics, and character of the song, but may change the rhythms (often to more syncopated ones) and some harmonies, and possibly add secondary pitches to embellish the melody – all consistent with the jazz style. This variation is accepted arrangement practice. Thus, in comparing two arrangements of "Happy Birthday," the pitches sung to the lyric "birthday" could be the same in both arrangements, while the rhythms could be altered somewhat, with the beginning syllable "birth-" elongated rhythmically in the jazz version so as to delay the metric placement of the ending syllable "-day." It would be grossly inaccurate to deny the similarity between these two versions of "Happy Birthday." (Finell Rebuttal Report ¶10a on pages 3-4) His refusal to acknowledge substantial similarity robs Mr. Ferrara of any credibility for the rest of his analysis.

Judith Finell continues:

"Ferrara's faulty methodology distorts in denying many similar contiguous notes, overlooking similar contiguous          pitches as well as shared pitches that are

13

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

repeated in one of the songs, merely due to variations in metric placement. For example, the pitches of a phrase that Lawrence Ferrara erroneously describes as containing only three contiguous notes actually contains over double the similar notes, as shown below.8 [LF ¶37.] Specifically, the same contiguous notes shown in the Ferrara musical example [LF Musical Example 3, Bars 4-6, Phrase 3] are in bold type below; while Lawrence Ferrara erroneously acknowledges only those pitches that are underlined here:

> 1) "Soknudur": **G-<u>A-B-C</u>**-C-**B-B-A-G**-C c. The above approach is applied throughout the Ferrara report's comparison of "Soknudur" with "Raise," minimizing the true scope of similarity that is actually present.
> 2) "Raise": **G-<u>A-B-C</u>-B-B-A-G**-F-G-E

In comparing the above melodic phrases, the first eight consecutive pitches in "Raise" are found in the same sequence in "Soknudur," with one repeat of the pitch C. By focusing only on pitches with identical metric placement, the Ferrara report misleads by mischaracterizing and minimizing the similarity here as having merely three successive notes in common.

The above approach is applied throughout Ferrara report's comparision of "Soknudur" with "Raise," minimizing the true scope of similarity that is actually present. (Finell Rebuttal Report 10c)

In the diagram on page 16    below, copied from the Finell Rebuttal Report, Judith Finell added vertical red lines to show the many shared pitches the Ferrara report omits. The red lines here, combined with the Ferrara report's arrows (in black), indicate identical pitches that are found in succession in both songs. This includes pitch sequences where any intervening pitches are immediate repeats of the identical pitch, and those where there is a single intervening differing

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste.250
West Hollywood, CA 90069
Telephone: (310) 860-1833

14

pitch. (The lines usually connect the repeats with the closest rhythmic relationship.

As shown below, 46 out of 76 pitches (61%) in "Soknudur" are actually found in "Raise," as opposed to the Ferrara report which omits 26 of these notes. Ferrara's methodology evades the audible similarities between the melodies. The similarities between the pitches throughout the melodies of both songs are obvious and would be recognizable to the lay listener.  (Finell Rebuttal  Report 11.)

Ms. Finell further points out that not only does Ferrara fail to acknowledge the similarities in the many shared pitches, but also he fails to acknowledge the melodic and structural function of shared pitches that occur in succession, as well as their (b) range (lowest and highest pitches), and (c) melodic contours.  Finell Rebuttal Report 12.)

Ms. Finell further notes that the section of the Ferrara report comparing the harmonies of "Sooknudur" and "Raise", Bars 1-8 (the verse sections of both songs) were omitted in the comparison chart; however Bars 1-8 do have many similarities in the harmonies as clarified in her comparison chart at page 8 of her report.

15



Continuing on Ms. Finell notes, the Ferrara report focuses on irrelevant musical information unrelated to compositional copying here, to build an erroneous impression of dissimilarity. (Finell Rebuttal Report 15.)

While continuing to mislead by omitting numerous similarities, Lawrence Ferrara does admit, "All structural sections of 'Your Raise Me Up" embody the musical elements that appear in 'You Raise Me Up' and in 'Soknudur.'  Here the Ferrara report confirms the extent to which the similar elements shared with "Soknudur" influence the identity of "Raise" as well as their qualitative significance.   (Finell Rebuttal Report ¶16.)

### C. Similarity in Lyrics

Although Plaintiff only seeks to recover for the copied music and not lyrics, Lawrence Ferrara refuses to concede any obvious similarity in the lyrical themes of the two songs in dispute.  He clearly is wrong, and he is dissecting the lyrics of the songs so that there is no sense to be made of them.  He claims there are

only a couple of instances of two words in common, but unlike music that has only 7 notes, there are countless number of words.   So it makes no sense to compare the actual words, particularly when one song is in Icelandic.   Instead he fails to acknowledge what the songs are about.   As Johann Helgason says, in each song,

> "the narrator is depressed and bemoans his spiritual state.   In both songs, the answer is the same:  "Ef værir þú hjá mér..." ("If you were with me") in one case, and in the other: "Until you come .  . ."  In short, proximity to the loved one is the only thing that can overcome the anguish.  The same feeling of loss, (Icelandic: *söknuður)* predominates."

> "Although the two choruses do not exactly parallel each other, there is no denying that the thought reflected in the first verse of "Soknudur" reappears in the chorus of "You Raise Me Up" "Nærvera þín fyllir mig löngun til að verða betri en ég er  í raun og veru" (English: Your proximity/closeness fills me with a longing to be better than I really am: *Söknuður*).   And in the case of the other song: "I am strong, when I am on your shoulders; You raise me up . . .  to more than I can be" – *You Raise Me Up."*

Ferrara compares the words of the songs as a vintner might compare different types of grapes, arguing that a merlot is absolutely different from a cabernet sauvignon, but to the ordinary consumer, they are both red grapes used to make similar tasting wines.   Of course one can distinguish the two songs, but the themes are similar just like a merlot grape is similar to a cabernet grape.   Ferrara makes sophist arguments because he is paid to do so.

### D. Prior art:  the Ferrara report contradicts its own findings by employing inconsistent comparison criteria, with conflicting conclusions and misleading results.

First, it should be noted that Danny Boy is essentially the same song as Londonderry Air and Judith Finell            considers them the same in her rebuttal

18

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

1  report.  (Finell Rebuttal Report fn.13.)

2       Second, as Judith Finell writes,

3  "The Ferrara report omits significant differences in prior art.  It fails to

4  acknowledge the critical difference in meter and metric placement of any similar

5  pitches.  It disregards different rhythmic durations. **(Finell Rebuttal Report  ¶¶ 18**

6  **and 19)**

7       Lawrence Ferrara deceptively claims There are more melodic similarities

8  between "Londonderry Air" or "Danny Boy" and "You Raise Me Up" or

9  "Soknudur" than between "Soknudur" and "You Raise Me Up." **Ferrara Report**

10  **¶¶ 51-56, 58- 65, 107, 110**.

11       However as Ms. Finell points out, The Ferrara report fails to explain that in

12  comparing "Londonderry Air" with "Raise," of the 28 notes that Ferrara

13  acknowledges as similar by connecting them with arrows, nine of these having

14  differing rhythmic durations. **(Finell Rebuttal Report pages 11 -15, ¶¶ 22**

15  **through 23(e).**  The Ferrara report uses inconsistent comparison criteria leading to

16  misleading results.  **(Finell Rebuttal Report  ¶17**

17       Contrary to Ferrara, Judith Finell concludes that using consistent criteria,

18  53% of the melody's 87 pitches in You Raise Me Up are shared successively with

19  "Soknudur."  She shows more shared pitches beween "Soknudur" and "You Raise

20  Me Up" than between "Soknudur" and "Londonderry Air" and between "You Raise

21  Me Up" and "Londonderry Air."  **Finell Rebuttal Report  ¶23.**

22       Ms. Finell critiques the so called "fingerprint" that is based on a shared high

23  note in "Londonderry Air" and "You Raise Me Up."  She notes, the criteria used

24  by Ferrara in order to determine similarity contradicts what he uses to compare

25  "Soknudur" and "You Raise Me Up."  The "high note" is an element related to the

26  melodic range in both songs, an element disregarded in the Ferrara report's

27  comparison of "Soknudur" with "You Raise Me Up."  Additionally, the "high

28

19

note" does not meet the criteria of shared metric placement as strictly applied in Ferrara's evaluation of the similarities between "Soknudur" and "You Raise Me Up." Also, the high note occurs not only on a different beat in "Londonderry Air" as compared to "You Raise Me Up," but actually in a different bar. She points out this inconsistency distorts and misleads. *"More importantly, the Ferrara report greatly mischaracterizes the significance of this similar note. A "fingerprint" -- as a metaphor – represents a unique characteristic that in the context of musical expression suggests a shared rare singular feature departing from standard musical practice. The note referred to in the Ferrara report is simply the traditional third note of the scale (and part of the main tonic chord.) It is in no way an unlikely creative choice representing a pitch deviation from the established key."* Finell Rebuttal Report ¶23c.)

Ms. Finell also compared the harmonies between the three songs (Londonderry, Raise and Soknudur) and concluded there are more chords in common between "Soknudur" and "You Raise Me Up" than between either of these songs and "Londonderry Air." Finell Rebuttal Report ¶23d. She ends up concluding, the existence of "Londonderry Air" by no means determines that "Raise" was created independently of "Soknudur." Finell Rebuttal Report ¶23e.)

There was even much less similarity with the songs in dispute and "When a Child is Born." Judith Finell reports, 46 shared pitches between "Soknudur" and "You Raise Me Up" but only 26 shared pitches between "Soknudur" and "When a Child is Born" and only 21 shared pitches between "You Raise Me Up" and "When a Child is Born." She also notes more chords in common between "Soknudur" and "You Raise Me Up" than between either of these songs and "When a Child is Born." She furthermore notes, "the lack of melodic similarity particularly in the chorus sections rendeers any shared chords here (which are in this case commonplace) insignificant. Finell          Rebuttal Report ¶24.

20

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: (310) 860-1833

1   As for the remaining prior art examples,  Ms. Finell writes,

2   "The Young Man's Dream," "'Tis theLast Rose of Summer," and "I Can't

3   Forget," none of them contain the degree of similarity in their melodies as

4   found between "Soknudur" and "Raise," even using very lenient comparison

5   criteria. "The Young Man's Dream" and "'Tis the Last Rose of Summer" are

6   in 3/4 meter, and "I Can't Forget" contains a combination of 3/4, 4/4, and 5/4

7   meters, which is vastly different from the verse and chorus sections at issue

8   in "Soknudur" and "Raise." For the most part, the Ferrara report finds

9   melodic similarity with only one or two particular phrases in "Soknudur" and

10  "Raise" (most often Phrase 3). Lawrence Ferrara focuses his melodic

11  comparisons of these examples on contour outside of a rhythmic context.

12  Finally, the Ferrara report lacks a quantitative analysis of any similarities

13  between these examples as compared to "Soknudur" and "Raise."

15  **V.    CONCLUSION**

16      Defendants' expert report is based upon a flawed methodology and

17  inconsistently applied criteria.  It fails to disprove the obvious similarity between

18  "Soknudur" and "You Raise Me Up."  Furthermore, none of the prior art identified

19  is as similar as "Soknudur" and "You Raise Me Up" are to another.   "Soknudur"

20  and "You Raise Me Up" are substantially similar.  Defendants motion for Summary

21  Judgment should be denied.

                                    Respectfully submitted,

                                    MACHAT & ASSOCIATES, P.C.

25  Dated:  September 13 , 2019          By: _Michael Machat_

                                    Michael Machat, Esq.
26                                  Attorney for Plaintiff
27                                  JohannSongs – Publishing, Ltd

                                    21