UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNSONGS-PUBLISHING LTD., <br><br> Plaintiff, <br><br> v. <br><br> ROLF LOVLAND, et al., <br><br> Defendants. | Case No. CV 18-10009-AB (SSx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. No. 28]** |

Before the Court is a Motion for Summary Judgment ("Motion," Dkt. No. 28) filed by Defendants Peermusic, Ltd., Universal-Polygram International Publishing, Inc. ("Universal-Polygram") (incorrectly sued as Universal Music Publishing Group), UMG Recordings, Inc., and Warner Bros. Records Inc. (incorrectly sued as Warner Music Group) (collectively, "Defendants"). Plaintiff Johannsongs-Publishing Ltd. ("Plaintiff") filed an opposition and Defendants filed a reply. The Court heard oral argument on December 6, 2020, and took the matter under submission. Thereafter, Defendants filed a Notice of Supplemental Authority (Dkt. No. 50), which Plaintiff asked the Court to strike (Dkt. No. 51), to which Defendants filed a reply (Dkt. No. 53). The Court finds that Defendants appropriately filed Dkt. No. 50 and therefore declines to strike it. The Motion for Summary Judgment is **GRANTED**.

1.

## I. BACKGROUND

Plaintiff alleges that it owns all rights to the 1977 musical composition *Soknudor*, except for the lyrics. Compl. ¶¶ 14, 90. Plaintiff alleges that the song *You Raise Me Up ("Raise")*, written by defendants Rolf Lovland and Brendan Graham[1], and released in 2001 by Secret Garden and in 2003 by Josh Groban, infringes on *Soknodur*. *See* Compl. ¶¶ 1-4, 14.[2] The moving Defendants are corporations involved in publishing and/or selling *Raise*. *Id.* ¶¶ 29-32. They seek summary judgment on the ground that the elements that are supposedly similar between *Raise* and *Soknodur*—the melody and lyrical themes—are not actually sufficiently similar to support a finding of copyright infringement, and the similarities that do exist are derivative of the Irish folk tune *Londonderry Air*, aka *Danny Boy*[3], which is in the public domain, and several of other prior art songs.

## II. LEGAL STANDARD

### A. Summary Judgment

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the

---

[1] Neither Lovland nor Graham have appeared.
[2] Plaintiff also alleged a claim for unjust enrichment but stipulated to its dismissal.
[3] According to the parties, *Londonderry Air* is an Irish folk tune first published in 1855, and was set to lyrics in 1913 in the well-known Irish song *Danny Boy*. *See* Statement of Undisputed Facts ("SUF," Dkt. No. 44) 51. The parties and the Court sometimes use the names interchangeably.

nonmoving party's case. *Id*. The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson,* 477 U.S. at 255).

Nevertheless, inferences are not drawn out of thin air, and it is the nonmoving party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines,* 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd,* 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

### B. Legal Framework for Copyright Infringement

#### 1. The Two Primary Elements of a Copyright Infringement Claim: Ownership and Copying

To establish a claim for copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pulb'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Here, Defendants do not challenge the first element, that Plaintiff owns a valid copyright in *Soknudor*. Rather, Defendants challenge the second element, contending there is no triable issue as to copying.

#### 2. Copying Consists of Copying and Unlawful Appropriation

The copying element of the infringement analysis contains two separate components: "copying" and "unlawful appropriation." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018) (citing *Feist*, 499 U.S. at 361). "Although these requirements are too often referred to in shorthand lingo as the need to prove

3.

'substantial similarity,' they are distinct concepts." *Skidmore v. Led Zeppelin*, No. 16-56057, 2020 WL 1128808, at *9 (9th Cir. Mar. 9, 2020).

"Proof of copying by the defendant is necessary because independent creation is a complete defense to copyright infringement . . . [n]o matter how similar the plaintiff's and the defendant's works are. . ." *Rentmeester*, 883 F.3d at 1117. And, "[p]roof of unlawful appropriation—that is, *illicit* copying—is necessary because [the Copyright Act] does not forbid all copying," and in fact expressly excludes such matters as ideas, concepts, or principles from its protection. *Id.* (emphasis in original); *see also* 17 U.S.C. § 102(b). Thus, a defendant who copies "ideas" or "concepts" does not commit unlawful appropriation and therefore cannot be liable for copyright infringement.

Accordingly, to prove *copying*, "the similarities between the two works need not be extensive, and they need not involve protected elements of the plaintiff's work. They just need to be similarities one would not expect to arise if the two works had been created independently." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992); 4 Nimmer on Copyright § 13.01[B]. To prove *unlawful appropriation*, on the other hand, the similarities between the two works must be "substantial" and they must involve protected elements of the plaintiff's work. *Laureyssens*, 964 F.2d at 140.

### 3. Unlawful Appropriation Requires Proof of "Substantial Similarity," As Determined by the Extrinsic Test and the Intrinsic Test

To consider whether works are substantially similar sufficient to establish unlawful appropriation, the Ninth Circuit employs a two-part test: an extrinsic test and an intrinsic test. *See Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). The extrinsic test compares the objective similarities of specific expressive elements in the two works, *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002), and often requires expert analysis. *See Apple*, 35 F.3d at 1443. The intrinsic test "test[s] for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Jada Toys, Inc. v. Mattel,*

*Inc.*, 518 F.3d 628, 637 (9th Cir. 2008) (quoting *Apple Comput., Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994) ("*Apple*"). Both tests must be satisfied for the works to be deemed substantially similar. *See Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006). However, the only the extrinsic test may be considered on a motion for summary judgment, because only it can be resolved by the court as a question of law. *Kouf*, 16 F.3d at 1045. The subjective question of whether the works are intrinsically similar is left to the jury. *Swirsky v. Carey,* 376 F.3d 841, 845 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004).

### 4. The Extrinsic Test

To satisfy the extrinsic test, the plaintiff must first identify the sources of the alleged similarity between the two subject works. *See Apple*, 35 F.3d 1435, 1443 (9th Cir. 1994). When analyzing musical compositions, a "variety of compositional elements may be considered, including melody, harmony, rhythm, timbre, structure, instrumentation, meter, tempo, and lyrics." *Batts v. Adams*, No. CV 10-8-8123-JWF (RZx), 2011 WL 13217923, at *5 (C.D. Cal. Feb. 8, 2011) (citing *Swirsky*, 376 F.3d at 849). Then, "[u]sing analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright." *Apple*, 35 F.3d at 1443. "[A] finding of substantial similarity between two works can't be based on similarities in unprotectable elements." *Mattel, Inc. v. MGA Entm't, Inc.,* 616 F.3d 904, 916 (9th Cir. 2010), *as amended on denial of reh'g* (Oct. 21, 2010)

The Court must therefore "filter out" any unprotectable elements in the plaintiff's work before assessing whether it is substantially similar to the defendant's work. *Apple*, 35 F.3d at 1446 ("the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole.").

## III. DISCUSSION

The Court finds that there are no triable issues of fact requiring a trial, and that Defendant is entitled to summary judgment.

### A. Plaintiff Has No Standing to Pursue an Infringement Claim Based on Alleged Similarities Between the Lyrics of *Raise* and *Soknudor*.

The Complaint repeatedly alleges that *Raise* copies the lyrics and lyrical themes of *Soknudor*. *See, e.g.*, Compl. ¶¶ 29, 43, 54. And in its opposition, Plaintiff argues that the songs' lyrics are similar. *See* Opp'n (Dkt. No. 34), pp. 17-18. However, the Complaint also concedes that Plaintiff does not own any rights to *Soknudor*'s lyrics, *see* Compl. ¶ 90, and the opposition states that Plaintiff does not seek to recover for similarity in the lyrics. *See* Opp'n p. 17. To clear up any confusion, Plaintiff's claim for copyright infringement cannot be based on the lyrics because Plaintiff has no rights in the lyrics and thus lacks standing to pursue such a claim. *Feist*, 499 U.S. at 361 (claim for copyright infringement consists of two elements: "(1) ownership of a valid copyright, and (2) copying. . ."). Thus, insofar as the Complaint encompasses a claim based on the lyrics, Defendants are entitled to summary judgment on that claim.

### B. *Raise* is Not Substantially Similar to *Soknudor*

The dispositive issue in this Motion is whether *Raise* is substantially similar to *Soknudor* under the extrinsic test. It is not. Both sides filed expert reports in support of their positions, but only Defendants' expert report correctly applies the extrinsic test.

#### 1. The Ferrara Reports (Defendants' Expert)

Defendants' expert, Dr. Lawrence Ferrara, analyzed (1) five musical elements (structure, harmony, rhythm, melody, and lyrics) of *Soknudur* and *Raise* in their entireties, (2) the songs' component elements individually and in combination, (3) prior art (pre-1977 compositions), and finally (4) *Soknudur* and *Raise* in their entirety within the context of the analysis of their component elements and prior art. *See* Ferrara Report (Dickstein Decl. (Dkt. No. 31), Ex. A). The analysis is supported with visual illustrations showing and comparing the structures (p. 5), harmonies/chord

progressions (p. 10), and melodies (p. 17) of *Soknudur* and *Raise*, and comparing the melodies of *Soknudur* and *Raise* with prior art songs (*see, e.g.*, pp. 21, 25, 27, 28, 32). Ferrara also prepared (and Defendants lodged) multiple audio recordings demonstrating his analysis. In his analysis, Ferrara applied reliable principles and methods to the facts of the case, *see* Fed. R. Evid. 702(c), (d), and has appropriately filtered out prior art from his comparison, as required by the extrinsic test.

      Defendants have distilled Ferrara's findings as facts in their Statement of Undisputed Facts ("SUF," Dkt. No. 44 (Reply SUF)), so the Court will refer to those facts. Ferrara found that *Soknudur* and *Raise* lack significant structural similarities (SUF 22) and gives multiple examples of how their structures differ (SUF 23-27). Ferrara found that *Soknudur* and *Raise* lack significant harmonic similarities (SUF 28, 29, 33) and that their harmonic similarities are either commonplace or present in prior art, especially in *Danny Boy*. (SUF 30, 31.) Likewise, Ferrara found that *Soknudur* and *Raise* lack any significant rhythmic similarities and gives examples of how they differ. (SUF 34-37.) Finally, Ferrara concluded that there are no significant melodic similarities between *Soknudor* and *Raise* (SUF 38, 39, 41-47), and that "[a]ny melodic expression in common between [*Soknudur*] and [*Raise*] is found in Irish folk songs that date back to the 18th and 19th century, and some is also found in a popular song [*When a Child is Born*] released shortly before the release of [*Soknudur*]." (SUF 40, 48-49). Ferrara then goes on to explain how any melodic similarities between *Soknudur* and *Raise* are actually found in prior art, most importantly in the prior art songs *Londonderry Air* and *Danny Boy* which are in the public domain. (SUF 48-61, 63, 65-71). For example, Ferrara finds that out of a total of 87 notes in the melody of verse 1 and chorus 1 in *Raise*, there are only 20 scattered notes that have the same pitch and metric placement. (SUF 63; Ferrara Report ¶ 37, Musical Example 3.) Of these 20 similar notes, there are "only 5 isolated and fragmentary notes [] with the same pitch and metric placement in [*Soknudur* and *Raise*] [that are] not also found in [*Londonderry Air*] and [*Danny Boy*]." (SUF 63; Ferrara Report ¶ 37, Musical

1  Example 3.) Furthermore, of these 20 notes shared by *Sokndur* and *Raise*, there is only
2  one 3-note sequence, but it appears in *Londonderry Air* and *Danny Boy*. Ferrara
3  Report ¶ 37. These facts are well-supported by the proffered underlying evidence,
4  which includes the Ferarra Report and all of its exhibits, as well Ferrara's Rebuttal
5  Report ("Ferrara Rebuttal Report," Dickstein Decl. (Dkt. No. 43) Ex. A) submitted
6  with the reply. For the reasons discussed below, the Court finds that Plaintiff does not
7  genuinely dispute these facts, so the Court finds them undisputed.
8      Based on such facts, Ferrara presents the following conclusion:
9      On the basis of my musicological analysis . . . it is my professional opinion that
10     while "Soknudur" and "You Raise Me Up" share some musical similarities,
11     those similarities exist in well-known prior art songs. The similarities in
12     common between "Soknudur" and "You Raise Me Up" were widely available
13     to the writers of both "Soknudur" and "You Raise Me Up".  The musical
14     elements that are found in both "Soknudur" and "You Raise Me Up" derive
15     from well-known 18th and 19th century folk songs, particularly Irish folk
16     songs, and are also embodied in at least one well-known popular song that was
17     released shortly before "Soknudur". From a musicological perspective, the
18     similarities that preexist "Soknudur" in famous, longstanding works, cannot be
19     used to support a claim of copying, let alone a claim of the copying of
20     expression that can be monopolized by "Soknudur". As a result, when viewed
21     in the context of this prior art, there are no significant structural, harmonic,
22     rhythmic, lyrical, or melodic similarities between "You Raise Me Up" and
23     "Soknudur," and there is no support for a claim that musical elements found in
24     "You Raise Me Up" were copied from "Soknudur."
25  Ferrara Report p. 1-2. These conclusions flow directly from the analysis and the Court
26  accepts them.

## 2. The Finell Reports (Plaintiff's Expert)

Plaintiff offers a contrary opinion from their expert Judith Finell, who prepared a Report and a Rebuttal Report. *See* Machat Decl. (Dkt. No. 36) Exs. 3-5 (Finell Report), Ex. 7 (Finell Rebuttal Report). Based on the Finell Reports, Plaintiff contends that Ferrara's analysis is faulty and purports to dispute most of Defendants' proffered facts. However, the Court finds that Finell's Reports are fatally flawed and therefore declines to consider them. As a result, Ferrara's reports are not meaningfully rebutted, the well-supported undisputed facts derived from them are not *genuinely* disputed, and the resulting conclusions prevail.

At the outset, the Court notes that the initial Finell Report (entitled "Preliminary Comparison…") is far less comprehensive than the Ferrara Report, as it consists of only 7 paragraphs of "preliminary" findings contained in fewer than 4 double-spaced pages, supported by 2 exhibits purporting to compare the "skeletal pitches" and "skeletal pitch series within similar structure and musical event sequence" in *Soknudor* and *Raise*. *See* Finell Report. The Finell Report states that the songs share a similar melodic theme based on a series of "skeletal pitches" and musical events. Finell Report ¶ 5-8. The Report's two exhibits consist of a few staffs of music (with embedded audio) excerpted from each song, but the Report lacks adequate explanation of the terms used, and fails to put the selected excerpts in the context of the entire compositions. Thus, the Finell Report does not reflect the application of reliable principles and methods to the facts of the case, as required to be admissible under Fed. R. Evid. 702(c) and (d).

Furthermore, and critically, the Report expressly admits that Finell had "not yet conducted a prior art investigation," but nevertheless speculates that "it is highly doubtful that another musical work will share the same lengthy series of skeletal pitches and musical events to the degree of similarity that is shared between [*Soknudur*] and [*Raise*]." Finell Report ¶ 9. Because the Finell Report fails to consider prior art, its comparison between *Soknudur* and *Raise* fails to filter out unprotectable

9.

prior art elements, which is the foundation of the extrinsic test. *See Apple*, 35 F.3d at 1446 ("the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole."). Accordingly, because the Finell Report does not compare *Soknudur* and *Raise* in the manner required by the extrinsic test, its opinion about the similarities between *Soknudur* and *Raise* are legally deficient and irrelevant. Brevity alone does not render an expert report deficient, but Finell's Report is silent on too many matters to be considered either adequately supported or probative of the main issue—the application of the extrinsic test.

Although the Finell *Rebuttal* Report is more extensive, as its name suggest its central purpose is to rebut the Ferrara Report; it does little to reinforce the scanty conclusions presented in the preliminary Finell Report. And, the Finell Rebuttal Report fails to discredit the Ferrara Report for several reasons, the most important being that it repeats the fatal flaw of the preliminary Finell Report—it fails to filter out prior art from *Soknudur* and *Raise* before comparing them. For example, the Finell Rebuttal Report states that both *Soknudur* and *Raise* share the same 8-note sequence. *See* Finell Rebuttal Report ¶ 10(b), p 5. However, Ferrara points out that this sequence is not identical (in *Soknudur* it has an additional C note in the middle), and more importantly, it is actually present in *Londonderry Air* and *Danny Boy*, Ferrara Rebuttal ¶¶ 44-45, so it must be excluded from the extrinsic test. Finell's opinion based on this 8-note sequence is therefore irrelevant.

Furthermore, the Court notes that while the Finell Rebuttal Report does discuss the most important prior art—*Londonderry Air* aka *Danny Boy*—it does not do so in a legally relevant way: it does not *filter out* elements of these prior art songs from *Soknudur* and *Raise* and compare the remainder as the case law requires; rather, it just tallies up the number of similarities and concludes that there are more similarities between *Soknudur* and *Raise* than between either of them and *Londonderry Air*. But indiscriminately counting the common notes between the songs in issue and the prior art does not satisfy the extrinsic test. Rather, the point is to *eliminate* the non-

10.

protectible prior art components from the songs in issue, and then compare the protectable remainder, to see how similar that protectible remainder is. A comparison that includes both unprotectible and protectible elements is invalid under the extrinsic test and is legally irrelevant. Thus, although the Finell Rebuttal Report does analyze prior art, the analysis does not engage in the crucial step of eliminating prior art from the songs in issue. As a result, the Finell Rebuttal Report's criticisms of the Ferrara Report—which incorporate this mistake—are largely unfounded. In fact, this error is woven throughout the Finell Rebuttal Report, rendering it unhelpful and inadmissible. *Knowles v. Spin Master, Inc.*, No. CV 18-5827 PA (JCX), 2019 WL 4565102, at *4 (C.D. Cal. Sept. 17, 2019) (disregarding report where expert "does not attempt to differentiate between protectable and unprotectable elements of the works. At least for the Court's resolution of the extrinsic test on summary judgment, the Court concludes that [expert's] opinions are not helpful to the Court at this stage of the proceedings."); *see also Olson v. NBC*, 855 F.2d 1446, 1450-51 (9th Cir. 1988) (affirming court's decision to discount expert testimony that deemphasized dissimilarities and relied on unprotectable elements).

      The Ferrara Rebuttal Report also points out ways in which Finell's Reports are unreliable and reach unsupportable conclusions, or mischaracterize the Ferrara Report. The Court will not recount them all at length but gives three examples. First, Finell considers notes to be similar even when they appear in different places in the songs' melodies (different metric placement), *see* Finell Rebuttal Report p. 6, Example 3. Finell offers no justification for this technique of considering notes to be similar despite different metric placements in the melody. Second, Finell opines that "identical pitches [] found in succession in both songs" are similarities, but then admits that there are intervening pitches between some of these notes. *See* Finell Rebuttal Report p. 10. Again, there appears to be no justification for deeming notes to be consecutive when in fact there is an intervening note between them. Finally, neither Finell Report includes sufficient supporting evidence—like comparative transcriptions

11.

or sheet music—for the Court to assess the validity and accuracy of her analysis. This renders Finell's analysis conclusory and not helpful.

For all of these reasons, the Finell Reports fail to describe reliable principles and methodology, fail to apply such principles and methodology to the facts, and fail to properly apply the extrinsic test, rendering the Reports unreliable, unhelpful, and inadmissible.

### 3. Plaintiff Cannot Establish Substantial Similarity Under the Extrinsic Test

Given the foregoing, the Court finds that as a matter of law, *Soknudur* and *Raise* are not substantially similar under the extrinsic test. As noted above, Ferrara established that *Soknudur* and *Raise* lack substantial structural, harmonic, rhythmic, and melodic similarities. The dueling expert reports focus primarily on the melodies, and only Defendants' expert Ferrara applied reliable principles and methods to this task, and only Ferrara's analysis filtered out the prior art as required by the extrinsic test. Plaintiff's expert report is fatally flawed as discussed above, and on that basis is excluded. Accordingly, Ferrara's analysis—which is well-supported and thorough—is, effectively, unrebutted. The Court therefore finds that Ferrara's extensive analysis of the melodies is conclusive: any melodic similarities between *Soknudur* and *Raise* are either unprotectible because they are found in prior art songs including *Londonderry Air* aka *Danny Boy*, or they are too scattered to amount to substantial similarity.

In their opposition brief, Plaintiff observes that "copyright may inhere, under appropriate circumstances, in the selection and arrangement of unprotected components." *See* Opp'n (Dkt. No. 34) 9:11-15 (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1476 (9th Cir. 1992)). However, despite quoting this caselaw, Plaintiff fails to apply it in any way and therefore has failed to pursue this theory. A claim based on a selection and arrangement of unprotected elements requires a plaintiff "to explain how these elements are particularly selected and

arranged," otherwise the claim "amounts to nothing more than trying to copyright commonplace elements." *Skidmore*, 2020 WL 1128808, at *18 (copyright claim based on selection and arrangement of unprotected elements is a separate theory that plaintiff failed to present); *see also Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) ("a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship"). Here, neither Plaintiff nor its expert engaged in any analysis that could support a selection and arrangement theory, so the Court concludes that Plaintiff is not genuinely pursuing that theory and certainly has not carried its summary judgment burden as to it.

In light of the foregoing, Plaintiff cannot establish that *Soknudur* and *Raise* are substantially similar under the extrinsic test, properly applied. Because "a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, *see Kouf*, 16 F.3d at 1045, the Court **GRANTS** Defendants' Motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 28) is **GRANTED**.

Plaintiff's Request for Entry of Default (Dkt. No. 46) as to the non-appearing individual defendants is, accordingly, **DENIED**.

Defendants are **ORDERED** to file a proposed Judgment within 5 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: April 03, 2020  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

13.